UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAAL COTTRELL,

          **Plaintiff,**          **CIVIL ACTION NO. 07-CV-11233-DT**

    **VS.**               **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**BRIT-NET GROUP,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:    Dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim upon which relief may be granted and his allegations lack an arguable basis in law or fact and are frivolous.

**II.**    **REPORT**:

This matter has been referred to the undersigned for all pretrial proceedings. (Docket no. 4). The Court has granted Plaintiff *in forma pauperis* status. (Docket no. 3). The matter is now before the Court for a determination of whether Plaintiff's Complaint states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Defendant has not yet been served a copy of the Complaint. This matter is now ready for ruling.

Plaintiff's Complaint names Brit-Net Group as the sole Defendant. (Docket no. 1). Brit-Net is a business entity located in Detroit, Michigan. (Docket no. 1 at 5). Plaintiff is a resident of Michigan also. (*Id.* at 4). Plaintiff's Complaint fails to state under what law he is proceeding. He alleges that he has "established judgment in estoppel" against Defendant "as evidence by the certicate [sic] of non-response." (Docket no. 1 at 1). He requests "accord and satisfaction through the final order of the

court to release the sight drafts, (certificate of indebtedness) to Jamaal Cottrell-El for proper accounting." (*Id.* at 3).

In addition to his Complaint, Plaintiff has filed numerous motions such as for discovery, diversity in citizenship, summary judgment, and writ of execution. (Docket nos. 5, 6, 9, 10, 11, 12). These motions are now pending. Plaintiff's submissions are exceedingly difficult to understand. He apparently believes that Brit-Net Group is indebted to him for over 43 million dollars based on some type of instrument he sent to Brit-Net and upon which Brit-Net "defaulted" by failing to respond properly within the time limitation set by Plaintiff.

Under 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee or portion thereof that may have been paid, the Court must dismiss the case if it finds that the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional," or if it is based on legal theories that are indisputably meritless. *Id.* at 866.

Plaintiff's Complaint fails to state any claim upon which the Court could grant relief. It is impossible to determine the exact nature of the instrument on which Plaintiff is basing his action. In addition, the legal effect of the instrument is not apparent. Moreover, there is no showing of how this Court has jurisdiction over Plaintiff's claim. Accordingly, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's Complaint fails to state a claim upon which relief may be granted and because all claims are frivolous. All of Plaintiff's pending motions would then be moot.

2

**III.** **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 15, 2007                                s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jamaal Cottrell and Counsel of Record on this date.

Dated: May 15, 2007                                s/ Lisa C. Bartlett
                                                   Courtroom Deputy

3